UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L. S.B.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX, ET AL,<br><br>Respondents. | No. 1:26-cv-06288-DAD-SCR (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND MOTION TO PROCEED UNDER A PSEUDONYM AND DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2, 3) |

On August 9, 2026, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his immigration detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order ("TRO") requesting his immediate release. (Doc. No. 2.) He also filed a motion to proceed under a pseudonym. (Doc. No. 3.)

On August 10, 2026, the court set a briefing schedule on petitioner's motion for a TRO and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cases that this court has decided. (Doc. No. 5.) In addition, respondents were directed to state any opposition it had to the court's intention to rule on the underlying *habeas* petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*)

On August 11, 2026, respondents filed their response to petitioner's motion for a TRO acknowledging that petitioner's detention is governed by 8 U.S.C. § 1226(a) pursuant to the

recent Ninth Circuit decision in *Rodriguez Vazquez v. Bostock*, – F.4th –, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). (Doc. No. 7.) Respondents state no opposition to the court ruling on petitioner's *habeas* petition based on the briefing before it and do not oppose petitioner's request to proceed under a pseudonym. The court will grant petitioner's *habeas* petition, order his immediate release, and grant petitioner's motion to proceed under a pseudonym.

Based upon a review of the briefing, the court finds the following facts. Petitioner is a native and citizen of Mexico. (Doc. No. 1 at ¶ 19.) On or about January 7, 2025, petitioner entered the United States and was paroled into the United States. (*Id.*) On or about August 8, 2026, at a meeting with ICE officials, petitioner was placed into immigration detention. (*Id.* at ¶ 38.) Petitioner states he has not had a bond hearing before a neutral decision maker since his recent re-detention. (*Id.* at ¶ 41.)

The court adopts its reasoning in *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3–5 (E.D. Cal. Dec. 9, 2025), in which the court concluded that a petitioner's prior release upon his immediate entry into this country created a protected liberty interest in the petitioner's continued release and that due process required a pre-deprivation hearing, one which petitioner has not had in this case. Respondents claim that a bond hearing may be the appropriate remedy here, but fail to argue why this case differs from the circumstances addressed in *Chavarria* where this court ordered the petitioner's release under similar circumstances. Accordingly, the court will grant petitioner's *habeas* petition and order his immediate release.

Petitioner has also filed a motion to proceed under a pseudonym. (Doc. No. 3.) As to this motion, petitioner argues that disclosure of his identity and immigration status could cause retaliation against him and that disclosure of his mental and physical diagnoses warrant anonymity. (Doc. No. 3 at 3.) Respondents state that they "generally" do not oppose the motion for purposes of court orders, however, given the case is restricted, respondents do not believe it is necessary to redact petitioner's name, A number or other identifying information from filings not available to the public. (Doc. No. 7 at 1-2.) Out of the abundance of caution, the court will grant

petitioner's request to proceed pseudonymously considering the interests in this case. *See E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140, at *1–2 (E.D. Cal. Dec. 22, 2025) (allowing the petitioner to proceed pseudonymously in order to preserve medical privacy).

For the reasons stated above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner J.L. S.B, A-File No. 077-583-505, from respondents' custody under the same conditions, if any, he was subject to prior to his re-detention on or about August 8, 2026;
    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a flight risk or danger to the community by clear and convincing evidence;
2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;
3. Petitioner's motion to proceed under a pseudonym (Doc. No. 3) is GRANTED;
4. The Clerk of the Court is directed to serve the warden of the Golden State Annex with a copy of this order on the warden with petitioner's A number; and
5. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 13, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE